UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY FURIE
and THOMAS LAKEMAN,

    Plaintiffs,

v.                              CASE NO.:

EXPEL, LLC, FIRST COAST
WILDLIFE SERVICES, LLC and
KYLE WALTZ, and individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, GREGORY FURIE and THOMAS LAKEMAN, by and through undersigned counsel, bring this action against Defendants, EXPEL, LLC, FIRST COAST WILDLIFE SERVICES, LLC, and KYLE WALTZ and in his individual capacity ("Defendants") and in support of their claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(2).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

### PARTIES

4. Plaintiff GREGORY FURIE is a resident of Duval County, Florida.

5. Plaintiff THOMAS LAKEMAN is a resident of Osceola County, Florida.

6. Defendant Expel, LLC is a Florida corporation headquartered in Jacksonville Beach, in Duval County, Florida.

7. Defendants are in the business of nuisance animal removal and wildlife management.

## GENERAL ALLEGATIONS

8. Plaintiffs have satisfied all conditions precedent, or they have been waived.

9. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiffs request a jury trial for all issues so triable.

11. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

18. At all times material hereto, Plaintiffs, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19. Specifically, Plaintiffs were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

20. Thus, Plaintiffs are "non-exempt employees" who are covered by the FLSA.

21. Defendant KYLE WALTZ is the managing partner of EXPEL, LLC and FIRST COAST WILDLIFE SERVICES, LLC.

22. As part of his duties, Defendant KYLE WALTZ supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant KYLE WALTZ also controlled the payroll practices of EXPEL, LLC and FIRST COAST WILDLIFE SERVICES, LLC.

23. Plaintiff's performed services for both EXPEL, LLC and FIRST COAST WILDLIFE SERVICES, LLC.

24. Through the exercise of dominion and control over all employee-related matters at EXPEL, LLC and FIRST COAST WILDLIFE SERVICES, LLC, in his individual capacity KYLE WALTZ is also an "employer" within the meaning of the FLSA.

25. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant.

## FACTS

26. Plaintiff GREGORY FURIE began working for Defendant as an Inside Sales Representative in March 2018, and he worked in this capacity until September 17, 2018.

27. Plaintiff THOMAS LAKEMAN began working for Defendant as a Sales Technician in December 2017, and he worked in this capacity until September 7, 2018.

28. In exchange for Plaintiffs services, Defendant agreed to pay Plaintiffs each a yearly salary of $35,000 plus 10% commission for every sale.

29. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their regular hourly rate.

30. Defendant failed to pay Plaintiffs an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

31. Defendant failed to pay Plaintiffs all wages owed to Plaintiffs, including their commissions.

32. Further, Defendant failed to pay Plaintiff LAKEMAN an agreed upon $500.00 bonus.

33. Plaintiffs' unpaid commissions and bonus constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

34. In September 2018, Plaintiffs spoke to Defendant's Owner, Kyle Waltz, and demanded to be paid in accordance with the FLSA.

35. On or about September 17, 2018 Defendant terminated Plaintiffs' employment in retaliation for Plaintiffs' demands to be paid in accordance with the FLSA.

36. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

37. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38. During the statutory period, Plaintiffs worked overtime hours while employed by Defendants, and they was not compensated for all of these hours in accordance with the FLSA.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand:

    a)     Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

    b)     Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c)    An amount equal to Plaintiffs' overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiffs;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

41. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

42. During the statutory period, Plaintiffs worked for Defendants, and Defendants agreed to pay Plaintiffs for Plaintiffs' services.

43. Defendants failed to pay Plaintiffs all "wages" owed to Plaintiffs, including Plaintiffs' commissions and Plaintiff LAKEMAN's agreed upon bonus.

44. As a result of the foregoing, Plaintiffs have suffered damages.

*WHEREFORE*, Plaintiffs demand:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)     Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages;

    d)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e)     For such further relief as this Court deems just.

## COUNT III – FLSA RETALIATION

45. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

46. By complaining about Defendants' failure to pay overtime, Plaintiffs engaged in protected activity under the FLSA.

47. By terminating Plaintiffs' employment, Defendants retaliated against Plaintiffs for engaging in protected activity under the FLSA.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. Plaintiffs were injured by Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiffs demand:

    (a)     A jury trial on all issues so triable;

    (b)     That process issue and that this Court take jurisdiction over the case;

    (c)     That this Court enter a judgment, stating that Defendants retaliated against Plaintiffs in violation of the FLSA;

    (d)     Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 25th day of January, 2019.

Respectfully submitted,

*/s/ Luis A. Cabassa*

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**